UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ROBERT TRITTIN
220 West 12th Street, Apt. 1
Kaukauna, Wisconsin 54130

    Plaintiff,

v.

MILIS FLATWORK, LLC
W4567 County Road KK
Kaukauna, Wisconsin 54130

    and

DYLAN MILIS
W4567 County Road KK
Kaukauna, Wisconsin 54130

    Defendants.

Case No.: 18-cv-1471

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Robert Trittin, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and/or operate their business in the Eastern District of Wisconsin, and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Robert Trittin, is an adult male resident of the State of Wisconsin with a post office address of 220 West 12th Street, Apt. 1, Kaukauna, Wisconsin 54130.

5. Defendant, Milis Flatwork, LLC, (hereinafter simply "Defendant Company"), was, at all material times herein, a commercial entity with a principal address of W4567 County Road KK, Kaukauna, Wisconsin 54130.

6. Defendant Company is a concrete contractor.

7. During the relevant time periods as stated herein, Defendant Company was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant Company employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant Company's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendants were "employers" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

12. Defendant, Dylan Milis (hereinafter simply "Defendant Milis"), is an individual residing in the State of Wisconsin and has maintained, at all material times herein, a business address of W4567 County Road KK, Kaukauna, Wisconsin 54130.

13. Defendant Company is owned, operated, and managed by Defendant Milis.

14. During the relevant time periods as stated herein, Defendant Milis was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During Plaintiff's employment with Defendants, Defendant Milis supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendants, Defendant Milis had the ability and authority to, and actually did, hire, terminate, promote, demote, and/or suspend Plaintiff.

17. During Plaintiff's employment with Defendants, Defendant Milis had the ability and authority to, and actually did, review Plaintiff's work performance.

18. During Plaintiff's employment with Defendants, Defendant Milis established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

19. During Plaintiff's employment with Defendants, Defendant Milis controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendants, Defendant Milis established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

21. During Plaintiff's employment with Defendants, Defendant Milis tracked and recorded Plaintiff's hours of work.

**GENERAL ALLEGATIONS**

22. On or about August 2, 2018, Defendants hired Plaintiff as an Estimator / Project Coordinator.

23. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

24. During Plaintiff's employment with Defendants and in his position of Estimator / Project Coordinator, his job duties and responsibilities included project estimating, attending meetings, and assisting with coordination at various job sites.

25. During Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Milis.

26. During Plaintiff's employment with Defendants, Plaintiff performed compensable work at on behalf of and/or at the direction of Defendants.

27. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff with an hourly rate of pay.

28. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee.

29. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff for work performed via bi-weekly direct deposits.

30. During the entirety of Plaintiff's employment with Defendants, Defendants' agreement with Plaintiff was to compensate him at his hourly rate of pay for any and all work performed, and at an overtime rate of pay for any and all work performed beyond forty (40) in a workweek.

31. Prior to the commencement of Plaintiff's employment with Defendants, Defendants provided Plaintiff with written correspondence, titled, "Career Offer," stating, in part: "The company will pay you $28.00 per hour, payable in accordance with the Company's standard payroll schedule (bi-weekly). Any hours over 40 a week will be paid at an overtime rate of 1.5x regular pay. This is a full-time position requiring approximately 40-70 hours per week. Your regular work week will be Monday-Friday with an occasional Saturday."

32. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff with an hourly rate of $28.00 for hours worked and work performed.

33. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff with an overtime rate of $42.00 for hours worked and work performed beyond forty (40) in a workweek.

34. During Plaintiff's employment with Defendants, Plaintiff customarily worked approximately ten (10) hours per work day, approximately five (5) to six (6) days per workweek.

35. During Plaintiff's employment with Defendants, Defendants established workweek for FLSA and WWPCL purposes was Sunday through Saturday.

36. During Plaintiff's employment with Defendants and during the workweek of August 19, 2018, Plaintiff performed approximately sixty (60) hours of compensable work.

37. During Plaintiff's employment with Defendants and during the workweek of August 19, 2018, Plaintiff performed approximately sixty (60) hours of compensable work with Defendants' knowledge and/or at Defendants' direction.

38. During Plaintiff's employment with Defendants and during the workweek of August 26, 2018, Plaintiff performed approximately ten (10) hours of compensable work.

39. During Plaintiff's employment with Defendants and during the workweek of August 26, 2018, Plaintiff performed approximately ten (10) hours of compensable work with Defendants' knowledge and/or at Defendants' direction.

40. During Plaintiff's employment with Defendants, every other Friday was Defendants' normally scheduled payroll date for compensation purposes for all of its employees, including Plaintiff.

41. During Plaintiff's employment with Defendants, September 7, 2018 was Defendants' normally scheduled payroll date for compensation purposes for all of its employees, including Plaintiff, for work performed during the workweeks of August 19, 2018 and August 26, 2018.

42. On or about August 27, 2018 was Plaintiff's last day of work at Defendants.

43. Defendants did not compensate Plaintiff on or before September 7, 2018 for any hours worked or work performed during the workweeks of August 19, 2018 and August 26, 2018.

44. Defendants did not compensate Plaintiff with at least a minimum wage of $7.25 per hour for all hours worked or work performed during the workweeks of August 19, 2018 and August 26, 2018.

45. Defendants did not compensate Plaintiff with his previously agreed-upon hourly rate of pay, or $28.00 per hour, for all hours worked or work performed during the workweeks of August 19, 2018 and August 26, 2018.

46. Defendants did not compensate Plaintiff with an overtime rate of pay, or $42.00 per hour, for all hours worked or work performed beyond forty (40) in the workweek during the workweeks of August 19, 2018 and August 26, 2018.

47. As a result of Defendants' unlawful failure to compensate Plaintiff for all hours worked or work performed during the workweek of August 19, 2018, Defendants owe Plaintiff a monetary amount of approximately $1,120.00 in straight-time wages and a monetary amount of approximately $840.00 in overtime wages, for a total monetary amount of approximately $1,960.00

48. As a result of Defendants' unlawful failure to compensate Plaintiff for all hours worked or work performed during the workweek of August 26, 2018, Defendants owe Plaintiff a total monetary amount of approximately $280.00 in straight-time wages.

49. As a result of Defendants' unlawful failure to compensate Plaintiff for all hours worked or work performed during the workweeks of August 19, 2018 and August 26, 2018, Defendants owe Plaintiff a total monetary amount of approximately $2,240.00, in addition to liquidated damages and attorneys' fees and costs.

50. During the workweeks of August 19, 2018 and August 26, 2018, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating him for all (or any) hours worked, in violation of the FLSA and WWPCL.

51. Defendants knew or should have known that, in accordance with the FLSA and the WWPCL, they must compensate Plaintiff at his regular rate of pay for all hours worked and work performed during workweeks when he performed compensable work.

52. Defendants knew or should have known that, in accordance with the FLSA and the WWPCL, they must compensate Plaintiff at an overtime rate of pay for all hours worked and work performed during workweeks when he performed compensable work beyond forty (40) hours in the workweek.

53. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS
## (MINIMUM WAGE AND OVERTIME PAY)

54. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

55. Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

56. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

57. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

58. Defendants intentionally violated the FLSA by not compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked during the workweeks of August 19, 2018 and August 26, 2018.

59. Defendants intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) during the workweeks of August 19, 2018 and August 26, 2018.

60. Defendants' failure to properly and legally compensate Plaintiff for any and all compensable work performed during the workweeks of August 19, 2018 and August 26, 2018 was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum and overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

61. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wage compensation has been unlawfully withheld from Plaintiff by Defendants.

62. Plaintiff is entitled to damages equal to the mandated minimum wage within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendants.

63. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
## (MINIMUM WAGE, OVERTIME PAY, AND
## FAILURE TO PAY AN AGREED UPON WAGE)

64. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

65. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

66. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

67. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

68. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at a minimum wage and at the correct overtime rate of pay.

69. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked during the workweeks of August 19, 2018 and August 26, 2018.

70. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty (40) during the workweeks of August 19, 2018 and August 26, 2018 for which he was not compensated time and one half.

71. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked and work performed during the workweeks of August 19, 2018 and August 26, 2018 at his normal and previously agreed-upon hourly rate of pay, including at an overtime rate of pay for any hours worked beyond forty (40) in the workweek.

72. During Plaintiff's employment with Defendants and during the workweeks of August 19, 2018 and August 26, 2018, Plaintiff was entitled to payments from Defendants at his agreed-upon wage, as defined in Wis. Stat. § 109.01(3) for all hours worked and work performed during said workweeks, including at an overtime rate of pay for any hours worked beyond forty (40) in the workweek.

73. Defendants willfully violated the WWPCL by failing to compensate Plaintiff for all hours worked during the workweeks of August 19, 2018 and August 26, 2018, including at a rate of time and one half for each hour of overtime worked.

74. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

75. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to minimum wages, overtime wages, agreed-upon wages, and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendants; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 20th day of September, 2018

                        WALCHESKE & LUZI, LLC
                        Counsel for Plaintiff

                        ***s/ Scott S. Luzi***
                        Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
sluzi@walcheskeluzi.com